

**ORDERED in the Southern District of Florida on February 9, 2026.**

Scott M. Grossman, Chief Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

EUNICE MURRAY,                          Case No. 25-24862-SMG

     Debtor.                          Chapter 7

_____/

### <u>ORDER GRANTING DEBTOR'S MOTION TO DISMISS</u>

Debtor Eunice Murray – representing herself – requests that the Court dismiss her voluntary chapter 7 bankruptcy case because she has instead chosen to work with her creditors outside of court to resolve her debts.[1] For the reasons discussed below, the Court will grant her request.

Because she is unrepresented, the Court must liberally construe Ms. Murray's motion to discern the legal basis for the relief she seeks.[2] Under the Bankruptcy Code,

---

[1] Dkt. No. 15.
[2] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

there are only two statutory bases to dismiss a voluntary chapter 7 bankruptcy case – 11 U.S.C. §§ 707 and 305.[3]

Section 707(a) provides that the court can dismiss a chapter 7 bankruptcy case "only after notice and a hearing and only for cause."[4] The term "cause" is not defined, but the statute lists three examples of cause: (1) unreasonable delay that is prejudicial to creditors; (2) nonpayment of statutory fees; and (3) the debtor's failure to timely file certain lists, schedules, statements, and other required documents.[5] Only the United States trustee, however, may seek dismissal under subsection (a)(3).[6] Subsections (a)(1) and (a)(2), on the other hand, are both silent as to who can move for dismissal on those bases.

Even if Ms. Murray could seek dismissal of her own chapter 7 case under section 707(a), she does not claim here that any unreasonable delay on her part is prejudicing her creditors. And as of the date of her motion, she was current on her filing fee obligations.[7] So neither subsection (a)(1) nor subsection (a)(2) would apply. But the statute says "cause" *includes* the three examples listed in subsections (a)(1), (a)(2), and (a)(3). Under the Bankruptcy Code's rules of construction, when the Bankruptcy Code uses the term "includes" or "including," those terms are not

---

[3] In chapter 13 bankruptcy cases, on the other hand, unless the case had previously been converted from chapter 7, 11, or 12 to chapter 13, the debtor has the right to dismiss her case "at any time." 11 U.S.C. § 1307(b).

[4] 11 U.S.C. § 707(a).

[5] *Id.*; *see* 11 U.S.C. § 521(a); *see also* Fed. R. Bankr. P. 1007.

[6] The United States trustee has not moved to dismiss this case.

[7] The Court had granted Ms. Murray leave to pay her filing fee in installments. Dkt. No. 10. Her second installment payment of $169.00 is due by February 17, 2026. *Id.* Her failure to timely make this second installment payment would constitute cause for dismissal under section 707(a)(2).

limiting.[8] Thus, "cause" for dismissal of a chapter 7 bankruptcy case can include a reason other than the three specifically listed in section 707(a).[9]

It is questionable, however, whether an individual's "debtor's remorse" – i.e., a debtor after filing for bankruptcy decides she would rather not have done so – could constitute cause for dismissal under section 707(a). This is due to the nature of individual chapter 7 bankruptcy cases. Individual chapter 7 cases essentially proceed on dual tracks. Track one is the debtor's pursuit of a discharge of her debts – usually the goal of an individual who files a chapter 7 bankruptcy case. Track two is the trustee's collection, liquidation, and distribution of the debtor's property to pay her creditors. If after filing for bankruptcy a debtor wishes to get off track one – i.e., no longer pursue a discharge – there is a mechanism to do so that does not require dismissal of the case. Under 11 U.S.C. § 727(a)(10), a debtor can voluntarily waive her discharge.

An individual debtor's request to abandon track two, however, presents more complex issues. This is because upon the filing of a chapter 7 bankruptcy case, a debtor surrenders to the trustee all non-exempt property she owned as of the petition date.[10] The trustee is then charged with liquidating those assets to pay her creditors.[11] Accordingly, except in those rare cases where there are sufficient assets

---

[8] 11 U.S.C. § 102(3).

[9] Section 707(b) also provides for dismissal of a chapter 7 bankruptcy case filed by an individual debtor with primarily consumer debts, but only for abuse of the provisions of chapter 7. There has been no argument or evidence that granting Ms. Murray relief under chapter 7 of the Bankruptcy Code would constitute an abuse of its provisions. So subsection (b) would not apply here either.

[10] *See In re Calixto*, 648 B.R. 119, 123 (Bankr. S.D. Fla. 2023); *see also* 11 U.S.C. § 541.

[11] *See Calixto*, 648 B.R. at 123; *see also* 11 U.S.C. § 704(a)(1). In most individual chapter 7 cases, however, there are insufficient non-exempt assets available for a trustee to liquidate for the benefit of creditors. *See* U.S. COURTS, Chapter 7 – Bankruptcy Basics, https://www.uscourts.gov/court-

to pay all creditors in full (with interest) and there is residual value left to return to the debtor,[12] a chapter 7 debtor will normally lack standing to raise any issues with respect to how a trustee proceeds with track two.[13] In other words, since the trustee is charged with administering the debtor's assets upon filing a chapter 7 bankruptcy case, the debtor normally does not have a say in how – or whether – the trustee does so. The Court therefore concludes that in this case – where there is no evidence of a surplus sufficient to pay all creditor claims in full – Ms. Murray's desire to dismiss her case does not constitute "cause" under section 707(a).

While section 707(a) therefore cannot be used as a basis to dismiss her case, there is another provision of the Bankruptcy Code that on its face, under the facts of this case, would permit Ms. Murray to seek – and the Court to grant – dismissal. That is section 305(a)(1). Section 305(a)(1) provides that "[t]he court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension."[14]

---

programs/bankruptcy/bankruptcy-basics/chapter-7-bankruptcy-basics ("Most chapter 7 cases involving individual debtors are no asset cases.") (last visited on Feb. 2, 2026); U.S. DEP'T OF JUSTICE, U.S. TRUSTEE PROGRAM, The U.S. Trustee's Role In Consumer Bankruptcy Cases, https://www.justice.gov/ust/bankruptcy-fact-sheets/us-trustees-role-consumer-bankruptcy-cases ("In most Chapter 7 cases, no assets are available for distribution to creditors.") (last visited Feb. 2, 2026).
[12] See 11 U.S.C. § 726(a)(6).
[13] See In re Mack Indus., Ltd., 606 B.R. 313, 320 n.4 (Bankr. N.D. Ill. 2019) (citing In re Andreuccetti, 975 F.2d 413, 417 (7th Cir. 1992) (debtors had standing to appeal only because of the possibility of a surplus); In re Rybka, 339 B.R. 464, 467 (Bankr. N.D. Ill. 2006) (debtors lack standing to object to fee applications unless there will be a surplus estate giving them a pecuniary interest in the matter); In re Drost, 228 B.R. 208, 210 (Bankr. N.D. Ind. 1998) (debtor lacks standing to object to trustee's proposed disposition of an asset unless there will be a surplus estate and he will be adversely affected by the proposed disposition)).
[14] 11 U.S.C. § 305(a)(1).

It is true that many cases discussing section 305(a)(1) call it "an extraordinary remedy."[15] There is nothing in the text of the statute, however, that supports this construction.[16] The statute simply says that after notice and a hearing, the Court may dismiss a bankruptcy case if the interests of both the debtor and creditors would be better served by dismissal. Nothing in the statute imposes any higher standard to apply it than any other provision of the Bankruptcy Code. Here, Ms. Murray states that she has chosen to work with her creditors to resolve her debts outside of bankruptcy court. None of her creditors nor the chapter 7 trustee have objected to her request for dismissal. Accordingly, the Court concludes that the interests of creditors and the debtor would be better served by dismissal of her case. It is therefore

**ORDERED** that:

1. The motion to dismiss is **GRANTED**.

2. This case is **DISMISSED**.

# # #

*Copies furnished to all interested parties by the Clerk of Court.*

---

[15] *See, e.g., In re Eastman*, 188 B.R. 621, 624 (B.A.P. 9th Cir. 1995); *In re Northshore Mainland Services, Inc.*, 537 B.R. 192, 203 (Bankr. D. Del. 2015); *In re L & M Video Prods.*, 2007 WL 1847387, at *6 (Bankr. N.D. Ohio 2007); *In re Cincinnati Gear Co.*, 304 B.R. 784, 785 (Bankr. S.D. Ohio 2003); *In re Aerovias Nacionales de Colombia S.A.*, 303 B.R. 1, 9 (Bankr. S.D.N.Y. 2003).

[16] Those cases characterizing dismissal under section 305(a)(1) as an extraordinary remedy often point to subsection (c), which provides that an order under subsection (a) dismissing or suspending a case, or deciding not to dismiss or suspend, is not reviewable by the court of appeals. An order under subsection (a) is not unappealable, though. It just may not be appealed to the court of appeals. It can be appealed to the district court or (in those circuits that have one) to the bankruptcy appellate panel. *See* 28 U.S.C. § 158; *see also Eastman*, 188 B.R. at 624; *In re Axona International Credit & Commerce Ltd.*, 924 F.2d 31, 35 (2d Cir. 1991); *In re Borelli*, 132 B.R. 648, 649 (N.D. Cal. 1991).